1  KASHFIAN & KASHFIAN LLP
2   Ryan D. Kashfian, Esq. (SBN: 265293)
      *ryan@kashfianlaw.com*
3   Robert A. Kashfian, Esq. (SBN: 263173)
      *robert@kashfianlaw.com*
4  1875 Century Park East, Suite 360
5  Century City, California 90067
   (310) 751 - 7578 | Telephone
6  (310) 751 - 7579 | Fax

7  *Attorneys for Defendant*,
8  RANDALL POWERS

9
10              **IN THE UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12  TROY A. POWERS,                      Case No. 2:21-cv-07923 MCS(AFMx)
13
14              Plaintiff,              [*Assigned to Honorable Mark C. Scarsi, for
                                        all purposes*]
15
16       v.                             **DEFENDANT RANDALL POWERS'
                                        NOTICE OF MOTION AND MOTION
17                                      TO DISMISS THE COMPLAINT**
18  RANDALL POWERS; QUICKEN
    LOANS, LLC; DOES 1 TO 10            [MEMORANDUM OF POINTS AND
19  INCLUSIVE,                          AUTHORITIES AND DECLARATION
                                        OF ROBERT A. KASHFIAN AND
20                                      EXHIBITS IN SUPPORT THEREOF]
21              Defendants.            _____
22
23                                      Hearing Date:    9:00 a.m.
                                        Time:            November 15, 2021
24                                      Courtroom:       7C
                                        Location:        First Street Courthouse
25                                                       350 W. 1st Street
26                                                       7th Floor
                                                         Los Angeles, CA 90012
27
28                                      Complaint Filed:  September 17, 2021
                                        Trial Date:   TBD

**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that that on November 15, 2021, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7C of the above-entitled Court located at First Street Courthouse, 350 W. 1st Street, 7th Floor, Los Angeles, California 90012, Defendant Randall Powers ("Defendant") will move and hereby does move the Court, under Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the Complaint, Dkt. #1-1, of Plaintiff Troy A. Powers ("Plaintiff"), without leave to amend.

This Court must grant this Motion to Dismiss, with prejudice, because:

- The First Cause of Action for Quiet Title does not state facts sufficient to constitute a cause of action.
- The Second Cause of Action for Specific Performance does not state facts sufficient to constitute a cause of action.

This Motion to Dismiss is based on this Notice of Motion and Motion to Dismiss, the attached Memorandum of Points and Authorities in support of this Motion to Dismiss, all matters which the Court must or may judicially notice, the complete files and records of this Court, and upon such oral and documentary evidence that Defendant may present at the hearing of this Motion to Dismiss.

This Motion to Dismiss is made following the conference of counsel pursuant to C.D. Cal. L.R. 7-3 which took place, on October 5, 2021.

Dated:  October 11, 2021

KASHFIAN & KASHFIAN LLP


*/s/ Robert A. Kashfian, Esq.*

Ryan D. Kashfian, Esq.
Robert A. Kashfian, Esq.
*Attorneys for Defendant*
RANDALL POWERS

# TABLE OF CONTENTS

**Page(s)**

NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT ................... 2

TABLE OF CONTENTS ............................................................................................. I

TABLE OF AUTHORITIES ................................................................................... III

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.      INTRODUCTION ........................................................................................... 1

II.     SUMMARY OF THE COMPLAINT. ........................................................... 1

III.    LEGAL STANDARD FOR MOTION TO DISMISS ................................... 3

    A.     Pleading Standard: Fed. R. Civ. P. 8. ................................................. 3

    B.     Standard For Fraud; Fed. R. Civ. P. 9(b). ......................................... 4

    C.     Attachments: Fed. R. Civ. P. 10. ....................................................... 4

    D.     Judicial Notice. ................................................................................... 5

IV.     ARGUMENTS ................................................................................................. 6

    A.     The Complaint Is Barred By The Statute Of Frauds. ...................... 6

    B.     Alternatively, The Alleged Oral Promise To Grant Plaintiff A Life
        Estate Fails As A Matter Of Law. ...................................................... 8

        1.     Since the Purchase Agreement's language (§7) is clear and
            explicit, it governs. ................................................................... 8

        2.     Defendant's allegation oral promise of a life estate is not
            relevant. .................................................................................... 9

        3.     The attached Purchase Agreement governs. ...................... 13

    C.     The First Cause Of Action Does Not State A Cause Of Action For
        Fraud. .................................................................................................. 14

        1.     The allegation of fraud is insufficient. ................................ 16

        2.     The vague statements cannot form the basis of fraud. ....... 16

        3.     Plaintiff cannot plead justifiable reliance as a matter of law. ............. 17

**TABLE OF CONTENTS: (continued)**                                    **Page(s)**

D.     The Second Cause Of Action Fails, Because Specific Performance Is Not A Cause Of Action. ................................................................. 18

E.     Leave To Amend Should Be Denied. ......................................... 19

V.    CONCLUSION.................................................................................. 19

DECLARATION OF ROBERT A. KASHFIAN AND EXHIBITS .................................. 1

EXHIBIT 1 ........................................................................................ 2

EXHIBIT 2 ........................................................................................ 3

CERTIFICATE OF SERVICE/PROOF OF SERVICE ..................................... 1

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Abt v. Mktg. Store Worldwide, LLC*, No. B276365,
    2018 Cal. App. Unpub. LEXIS 3270 (May 14, 2018)................17

*Agricultural Ins. Co. v. Superior Court*
    70 Cal. App. 4th 385 (1999) ....................15

*Alliance v. Mortgage Co. v. Rothwell*,
    10 Cal. 4th 1226  (1995) ....................17

*Arroyo v. Pollock 1400 ECR Owner, LLC*, No. 21-cv-00114-JSC,
    2021 U.S. Dist. LEXIS 183694 (N.D. Cal. Sep. 24, 2021) ....................7

*Ascon Props., Inc. v. Mobil Oil Co.*,
    866 F.2d 1149 (9th Cir. 1989) ....................19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................4

*Associated Gen'l Contractors v. Metro. Water Dist.*,
    159 F.3d 1178 (9th Cir. 1998) ....................3

*Beckwith v. Dahl*,
    205 Cal. App. 4th 1039 (2012) ....................17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................4

*Bly-Magee v. California*,
    236 F.3d 1014 (9th Cir. 2001) ....................16

*Conservation Force v. Salazar*,
    646 F.3d 1240 (9th Cir. 2011) ....................3

*Consolidated World Investments, Inc. v. Lido Preferred Ltd.*,
    9 Cal. App. 4th 373 (1992) ....................9, 11

*Cooper v. Pickett*,
    137 F.3d 616 (9th Cir. 1997) ....................4

*Crenshaw v. Lister*,
    556 F.3d 1283 (11th Cir. 2009) ....................13

*Curry v. Moody*,
    40 Cal. App. 4th 1547 (1995) ....................12

## TABLE OF AUTHORITIES: (continued) Page(s)

*Dimare Fresh, Inc. v. United States*,
   808 F.3d 1301 (Fed. Cir. 2015) ........................................................................ 5

*Durning v. First Boston Corp.*,
   815 F.2d 1265 (9th Cir. 1987) .................................................................... 5, 13

*Edwards v. Marin Park, Inc.*,
   356 F.3d 1058 (9th Cir. 2004) ........................................................................ 15

*Ellison v. City of San Buenaventura*,
   48 Cal. App. 3d 952 (1975) ............................................................................ 11

*Estate of Wochos*
   256 Cal. App. 2d 338 (1967) .......................................................................... 10

*Farber v. JPMorgan Chase Bank N.A.*, No. 12-cv-2367-GPC-BGS,
   2014 U.S. Dist. LEXIS 2203 (S.D. Cal. Jan. 8, 2014) ..................................... 7

*Finch v. McKee*,
   18 Cal.App.2d 90 (1936) ................................................................................ 16

*Foman v. Davis*,
   371 U.S. 178 (1962) ........................................................................................ 19

*George v. Auto. Club of S. Cal.*,
   201 Cal. App. 4th 1112 (2011) ....................................................................... 13

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.*,
   100 F.Supp.2d 1086 (C.D. Cal. 1999) ........................................................... 15

*Golden West Baseball Co. v. City of Anaheim*,
   25 Cal. App. 4th 11 (1994) ............................................................................. 18

*Griffin Industries, Inc. v. Irvin*,
   496 F.3d 1189 (11th Cir. 2007) ...................................................................... 13

*Griffin v. Green Tree Servicing*, LLC,
   166 F. Supp. 3d 1030 (C.D. Cal 2015) .......................................................... 18

*Guido v. Koopman*,
   1 Cal. App. 4th 837 (1991) ............................................................................. 18

*Hayter Trucking, Inc. v. Shell Western E&P, Inc.*
   18 Cal. App. 4th 1 (1993) ............................................................................... 10

*Hudson v. Phillipson*, No. 2:07-cv-138,
   2008 U.S. Dist. LEXIS 9093 (W.D. Mich. Feb. 7, 2008) .............................. 14

**TABLE OF AUTHORITIES: (continued)** Page(s)

*Interstate Nat. Gas Co. v. Southern California Gas Co.*,
  209 F.2d 380 (9th Cir. 1954) ........................................................ 14

*Kendall v. Visa U.S.A., Inc.*,
  518 F.3d 1042 (9th Cir. 2008) ......................................................... 3

*KKE Architects, Inc. v. Diamond Ridge Dev. LLC*, No. CV 07-06866 MMM
  (FMOx),
  2008 U.S. Dist. LEXIS 17127 (C.D. Cal. Mar. 3, 2008)........................... 13

*Leadsinger, Inc. v. BMG Music Publ'g*,
  512 F.3d 522 (9th Cir. 2008) ......................................................... 19

*Lewis v. Brown*,
  22 Cal. App. 38 (1913) .............................................................. 6, 7

*Lingsch v. Savage*,
  213 Cal. App. 2d 729 (1963) ......................................................... 17

*Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP*
  201 Cal. App. 4th 368 (2011) ........................................................ 10

*Lovelace v. Software Spectrum, Inc.*,
  78 F.3d 1015 (5th Cir. 1996) ........................................................ 16

*Mack v. South Bay Beer Distrib.*,
  798 F.2d 1279 (9th Cir. 1986) ........................................................ 7

*Miscellaneous Service Workers, etc. v. Philco-Ford Corp., WDL Div.*,
  661 F.2d 776 (9th Cir. 1981) ........................................................ 15

*Moss Dev. Co. v. Geary*
  41 Cal. App. 3d 1 (1974) ............................................................. 8

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ......................................................... 3

*Northern Ind. Gun & Outdoor Shows v. City of S. Bend*,
  163 F.3d 449 (7th Cir. 1998) ......................................................... 5

*Ortiz-Luis v. Fed. Home Loan Mortg. Corp.*, No. 21-CV-989-CAB-AHG,
  2021 U.S. Dist. LEXIS 151157 (S.D. Cal. Aug. 11, 2021)........................... 7

*Owens v. Geary Drive-In Corp.*
  212 Cal. App. 2d 936 (1963) ......................................................... 10

*Pacific Gas & E. Co. v. G. W. Thomas Drayage etc Co.*,
  69 Cal. 2d 33 (1968) ................................................................. 9

**TABLE OF AUTHORITIES: (continued)**  Page(s)

*Padilla v. Yoo*,
  678 F.3d 748 (9th Cir. 2012) ....................................................................... 3

*Parsons v. Bristol Development Co.*
  62 Cal. 2d 861 (1965) ................................................................................... 9

*Reserve Insurance Co. v. Pisciotta*
  30 Cal. 3d 800 (1982) ................................................................................. 13

*Richeson v. Helal*
  158 Cal. App. 4th 268 (2007) ....................................................................... 9

*Riggins v. Walter*,
  279 F.3d 422 (7th Cir. 1995) ..................................................................... 14

*Robert T. Miner, M.D., Inc. v. Tustin Ave. Investors*,
  116 Cal. App. 4th 264 (2004) ....................................................................... 8

*Safwenberg v. Marquez*
  50 Cal. App. 3d 301 (1975) ....................................................................... 10

*Saunders v. Knight*, CV 04-5924 REC LJO,
  2006 U.S. Dist. LEXIS 6007, 2006 WL 224426 (E.D. Cal. Jan. 25, 2006) .................. 5

*Schreiber Distributing Co. v. Serv—Well Furniture Co., Inc.*,
  806 F.2d 1393 (9th Cir. 1986) ................................................................... 15

*Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*,
  245 F.2d 67 (9th Cir. 1956) ......................................................................... 5

*Seeger v. Odell*,
  18 Cal. 2d 409 (1941) ................................................................................. 18

*State of California v. Continental Ins. Co.*,
  55 Cal. 4th 186 (2012) ................................................................................. 8

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ..................................................................... 15

*Tahoe National Bank v. Phillips*,
  4 Cal. 3d 11 (1971) ..................................................................................... 12

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007) ..................................................................................... 5

*Thompson v. Asimos*,
  6 Cal. App. 5th 970 (2016) ................................................................... 10, 12

**TABLE OF AUTHORITIES: (continued)**                                    **Page(s)**

*Thompson v. Illinois Dep't of Professional Regulation,*
  300 F.3d 750 (7th Cir. 2002) ............................................................. 5

*Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC,*
  185 Cal. App. 4th 1050 (2010) ..................................................... 11, 12

*Townsend v. Columbia Operations,*
  667 F.2d 844 (9th Cir. 1982) ............................................................. 7

*United States ex rel. Riley v. St. Luke's Episcopal Hosp.,*
  355 F.3d 370 (5th Cir. 2004) ........................................................... 13

*United States v. Capriotti,* No. 1:11-cv-00847-SAB,
  2013 U.S. Dist. LEXIS 53135 (E.D. Cal., April 12, 2013) ...................... 6

*United States v. Ritchie,*
  342 F.3d 903 (9th Cir. 2003) ........................................................ 5, 7

*Vega v. Jones, Day, Reavis & Pogue,*
  121 Cal. App. 4th 282 (2004) .......................................................... 16

*Vess v. Ciba-Geigy Corp. USA,*
  317 F.3d 1097 (9th Cir. 2003) .......................................................... 4

*Vons Companies, Inc. v. United States Fire Ins. Co.*
  78 Cal. App. 4th 52 (2000) ............................................................... 8

*Ward v. Wrixon,*
  168 Cal. App. 2d 642 (1959) ............................................................. 6

*Wilson v. Fitter,* No. CV 09-1162-DDP (RNB),
  2009 U.S. Dist. LEXIS 129891 (C.D. Cal. Nov. 4, 2009) ...................... 13

*Winet v. Price,*
  4 Cal. App. 4th 1159 (1992) ............................................................. 9

*Woods v. Asset Res.,* CV 06-398 SMS,
  2006 WL 3782704 (E.D. Cal. Dec. 21, 2006) ...................................... 5

**Statutes**

42 U.S.C. § 1983 ............................................................................ 14

Cal. Civ. Code, § 1624 ..................................................................... 6

Cal. Civ. Code, § 1636 ..................................................................... 8

Cal. Civ. Code, § 1639 ..................................................................... 8

**TABLE OF AUTHORITIES: (continued)**                              **Page(s)**

**Rules**

Fed. R. Civ. P. 10 ................................................................................. 4

Fed. R. Civ. P. 10(c) ......................................................................... 4, 13

Fed. R. Civ. P. 12(b) ............................................................................ 14

Fed. R. Civ. P. 12(b)(6) ................................................................. 3, 4, 5

Fed. R. Civ. P. 8(a)(2) ........................................................................... 4

Fed. R. Civ. P. 9(b) ...................................................................... 4, 15, 16

Fed. R. Evid. 201(b)(2) ......................................................................... 7

Fed. R. Evid. 201(f) .............................................................................. 7

**Treatises**

5 Witkin, Summary of Cal. Law, Torts, § 815, at 1177 (10th ed. 2005) .......................... 17

5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1357 (3d ed. 2004) ...................................................... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case involves the residential real estate located at 3327 Wolfe Street, Lakewood, California 90712 (the "Property"). Plaintiff Troy A. Powers ("Plaintiff") alleges he has a life estate based on Defendant Randall Powers' ("Defendant") alleged oral representations. However, Section 7 of the Purchase Agreement, which is attached to the Complaint, expressly states Plaintiff was to vacate the Property upon the closing of escrow or else he "shall be considered a trespasser". The Court must therefore grant this Motion to Dismiss Plaintiff's Complaint, with prejudice and without leave to amend, for the following alternative reasons:

- The Complaint is barred by the Statute of Frauds.
- In light of the Purchase Agreement, which is attached to Plaintiff's Complaint and states that Plaintiff had to vacate the Property upon closing, Defendant's alleged oral promise to grant Plaintiff a life estate fails as a matter of law.
- The First Cause of Action should be dismissed, because: (1) the allegation of fraud is insufficiently pled; (2) Defendant's alleged misrepresentation is not actionable because it is a nebulous, vague statement; and (3) in light of the Purchase Agreement, Plaintiff cannot plead facts showing justifiable reliance as a matter of law.
- The Second Cause of Action should be dismissed, because specific performance is a remedy and not a separate cause of action.

Moreover, the Court should deny leave to amend as an amendment would be futile. Thus, the Court must dismiss the Complaint, with prejudice.

## II.   SUMMARY OF THE COMPLAINT.

Up until March 2021, the Caroline T. Greer Trust dated April 29, 1998, legally owned the Property. Complaint, ¶ 6. Greer was Plaintiff's mother and Defendant's grandmother. *Id*., ¶¶ 6, 17. When Greer passed away in 2013, Plaintiff received a 100% fee simple ownership interest in the Property. *Id*., ¶¶ 7-8.

On February 2, 2021, Plaintiff and Defendant entered into a residential purchase agreement (the "Purchase Agreement"), wherein Plaintiff sold the Property to Defendant Powers for $252,000.00. *Id*., ¶ 10 & Exh. A. At the time of the sale, the Property's fair market value was approximately $775,000.00; yet, Plaintiff had neglected to pay the property taxes on the Property for over five years, rendering the Property subject to a tax default sale. *Id*., ¶ 12.

Plaintiff alleges that, in consideration of Defendant purchasing the Property for approximately $525,000.00 less than its fair market value, Defendant orally agreed to grant Plaintiff a life estate in the Property, whereby Plaintiff would pay $670.00/month. *Id*., ¶¶ 13, 17. Specifically, Plaintiff alleges that "Plaintiff and Defendant entered into an oral agreement in which Plaintiff agreed to sell the [] Property of which he was the sole legal owner to Defendant for $251,000.00 (approximately $525,000.00 under its Fair Market Value) in exchange for Defendant's promise to grant Plaintiff a 'Life Estate' in that property as long a Plaintiff paid Defendant $670 a month towards Defendant's service of his VA purchase money loan." *Id*., ¶ 17.

However, this allegation of an oral agreement for a life estate is contradicted by the express terms of Section 7 of the Purchase Agreement, which specifically states:

> 7. DELIVERY OF POSSESSION: [Plaintiff] shall deliver the Property along with keys, alarm codes and garage door opener/controls outside of Escrow, upon COE[1]. [Plaintiff] agrees to vacate the Property and leave the Property in a neat and orderly, broom – cleaned and tender possession no later than COE. In THE EVENT [Plaintiff] does not vacate the Property by COE, [Plaintiff] shall be considered a trespasser and shall be liable to [Defendant] for the sum of $100 per calendar day. Any

---

[1] "COE" is defined in the Purchase Agreement as "Close of Escrow". Complaint, Exh. A, at 3 (§4.C).

1
2

personal property left on the property after COE shall be

considered abandoned by [Plaintiff].

3  *Id.*, Exh. A, at 4 (§7).

4      And, consistent with the Purchase Agreement, from the time Defendant took title,

5  Defendant did not honor his promise to grant Plaintiff a life estate, and, on August 25,

6  2021, Defendant served Plaintiff with a thirty-day notice to quit; Defendant had

7  previously informed Plaintiff that he needed to vacate the Property by August 15, 2021.

8  *Id.*, ¶¶ 14, 17 & Exh. B; see *id.*, ¶ 17 ("as soon as Defendant closed escrow on March 2,

9  2021 on his purchase of the [] Property he informed Plaintiff he had to vacate the that

10  property").

11      Plaintiff filed this lawsuit asserting two causes of action (quiet title and specific

12  performance) against Defendant. *Id.*, ¶¶ 15-25. In Cause of Action One for Quiet Title,

13  Plaintiff alleges that Defendant obtained title to the Property through fraud, when he

14  allegedly told Plaintiff that he would keep the house in the family and he would not hurt

15  Plaintiff, presumably by forcing him to move out. *Id.*, ¶ 17. Plaintiff seeks a judicial

16  determination that he is the 100% legal owner of the Property. *Id*. In Cause of Action Two

17  for Specific Performance, Plaintiff alternatively seeks enforcement of his alleged life

18  estate interest in the Property. *Id.*, ¶¶ 21-25.

19  **III.   LEGAL STANDARD FOR MOTION TO DISMISS**

20      **A.   Pleading Standard: Fed. R. Civ. P. 8.**

21      A motion to dismiss under Federal Rule Civil Procedure 12(b)(6) for failure to state

22  a claim upon which relief can be granted tests the legal sufficiency of the allegations in a

23  complaint. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (*citing

24  Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Well-pleaded allegations of

25  material fact are accepted as true. *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012). But,

26  "conclusory allegations of law and unwarranted inferences" are insufficient. *Associated

27  Gen'l Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). A

28  complaint must state "evidentiary facts which, if true, will prove [the claim]." *Kendall v.*

1   *Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008).

2        Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and

3   plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of

4   Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-

5   me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v.*

6   *Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or

7   'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting*

8   *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]'

9   devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). A

10  plaintiff needs to allege enough factual matter to suggest that its claim is plausible and to

11  "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. More

12  specifically, a claimant must allege well-pleaded factual matter and more than

13  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

14  statements." *Iqbal*, 556 U.S. at 663. And, "[a] claim has facial plausibility when the

15  plaintiff pleads factual content that allows the court to draw the reasonable inference that

16  the defendant is liable for the misconduct alleged." *Id.* at 678.

17      **B.**    **Standard For Fraud; Fed. R. Civ. P. 9(b).**

18       Federal Rule Civil Procedure 9(b) further requires that when a plaintiff makes

19  allegations concerning fraud, as is the case here, Complaint, ¶ 17, Prayer, ¶ A, those

20  "averments of fraud must be accompanied by 'the who, what, when, where, and how' of

21  the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.

22  2003) (*Vess*) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). "A motion to

23  dismiss . . . under [Federal] Rule [of Civil Procedure] 9(b) for failure to plead with

24  particularity is the functional equivalent of a motion to dismiss under [Federal] Rule [of

25  Civil Procedure] 12(b)(6) for failure to state a cause of action." *Vess*, 317 F.3d 1097 at

26  1107. These dismissals are treated in the same manner. *Id.*

27      **C.**    **Attachments: Fed. R. Civ. P. 10.**

28       Federal Rule Civil Procedure 10(c) states that an exhibit attached to the pleading

(such as the Purchase Agreement) "is part of the pleading for all purposes." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). And, "where a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *Thompson v. Illinois Dep't of Professional Regulation,* 300 F.3d 750, 754 (7th Cir. 2002) (applying the "'well-settled rule that when a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations,'" *citing Northern Ind. Gun & Outdoor Shows v. City of S. Bend,* 163 F.3d 449, 454 (7th Cir. 1998) (emphasis deleted)); *Woods v. Asset Res.,* CV 06-398 SMS, 2006 WL 3782704, *2 (E.D. Cal. Dec. 21, 2006) ("When a written instrument or subject of judicial notice contradicts allegations in a complaint to which it is attached, the Court need not accept the allegations of the complaint as true," *citing Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987)); *Saunders v. Knight*, CV 04-5924 REC LJO, 2006 U.S. Dist. LEXIS 6007, 2006 WL 224426, *3 (E.D. Cal. Jan. 25, 2006).

## D.   Judicial Notice.

"Although [courts] primarily consider the allegations in a complaint, [courts] are 'not limited to the four corners of the complaint.'" *Dimare Fresh, Inc. v. United States*, 808 F.3d 1301, 1306 (Fed. Cir. 2015), quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1357 (3d ed. 2004). Instead, "[a] court may ... consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Indeed, as the Supreme Court has explained, "courts *must* consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added); *e.g., Sears, Roebuck &*

*Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956) ("[J]udicial notice may be taken of a fact to show that a complaint does not state a cause of action.")

## IV.   ARGUMENTS

### A.   The Complaint Is Barred By The Statute Of Frauds.

This Court should dismiss the Complaint, because the entire Complaint is based on Plaintiff possessing a life estate in the Property, Complaint, ¶¶ 15-25, but the Statute of Frauds bars Plaintiff from asserting he possesses a life estate in the Property.

Specifically, California Civil Code § 1624 provides:

> An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; such an agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent is in writing, subscribed by the party sought to be charged.

Cal. Civ. Code, § 1624.

In particular, the statute of frauds prohibits an oral agreement to create a life estate. *See Ward v. Wrixon*, 168 Cal. App. 2d 642, 655 (1959) (an oral agreement for a life estate was subject to the statute of frauds); *Lewis v. Brown*, 22 Cal. App. 38 (1913); *United States v. Capriotti*, No. 1:11-cv-00847-SAB, 2013 U.S. Dist. LEXIS 53135, at *87, n. 17 (E.D. Cal. Apr. 12, 2013) ("The transfer of a life estate falls within the operation of the statute of frauds and requires a writing evincing the agreement to transfer the interest in real property.")

*Lewis,* 22 Cal. App. 38 is directly on point. There*,* the seller contended that he reserved a life estate when he conveyed to the buyer a deed for the property. The court concluded that "[t]he deed to [buyer] is absolute upon its face and, therefore, purports to convey to [buyer], without qualification, condition, or limitation of any nature whatsoever, the absolute fee in the property. Nor does the record disclose any competent evidence affording any reason or ground for the slightest inference that [seller] reserved to himself, out of the fee conveyed to [buyer], a life or any estate or interest in the property."

1  *Lewis,* 22 Cal. App. at 41.

2  Likewise, here, the Purchase Agreement signed by both Plaintiff and Defendant is

3  absolute upon its face. Nowhere in the Purchase Agreement does Plaintiff purport to

4  reserve a life estate in the Property. Complaint, Exh. A. To the contrary, Section 7 of the

5  Purchase Agreement specifically states Plaintiff "agrees to vacate the Property … no later

6  than by [Close of Escrow]," and "[i]n THE EVENT [Plaintiff] does not vacate the Property

7  by [Close of Escrow], [Plaintiff] shall be considered a trespasser". Complaint, Exh. A, at 4

8  (§7). And, Plaintiff does not allege there is a writing between the parties showing he has a

9  life estate. Instead, the deed that resulted in the transfer of the Property, Complaint, ¶ 18,

10  does not show that Plaintiff retained a life estate. *See* Concurrently Filed Request for

11  Judicial Notice ("RJN"), No. 1; Attached Declaration of Attorney Robert A. Kashfian

12  ("Kashfian Dec."), Exh. 1.[2] California's Statute of Frauds thus bars Plaintiff from asserting

13  he possesses a life estate in the Property, *Lewis,* 22 Cal. App. at 41, which is the basis of

14

---

[2] Judicial notice of the deed is proper, for two reasons. *See,* RJN, at 2-4.

15
16  First, this Court may take judicial notice of matters of public record, Fed. R. Evid. 201(b)(2); *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), which is what the deed is. *See e.g., Arroyo v. Pollock 1400 ECR Owner, LLC*, No. 21-cv-00114-JSC, 2021 U.S. Dist. LEXIS 183694, at *9 (N.D. Cal. Sep. 24, 2021) ("The Court takes judicial notice of the deed since it is a matter of public record and the change of ownership is not in dispute."); *Ortiz-Luis v. Fed. Home Loan Mortg. Corp.*, No. 21-CV-989-CAB-AHG, 2021 U.S. Dist. LEXIS 151157, at *5 (S.D. Cal. Aug. 11, 2021) ("Public property records may be judicially noticed."); *Farber v. JPMorgan Chase Bank N.A.*, No. 12-cv-2367-GPC-BGS, 2014 U.S. Dist. LEXIS 2203, at *8 (S.D. Cal. Jan. 8, 2014) ("Federal courts routinely take judicial notice of facts contained in publically recorded documents, including Deeds of Trust, because they are matters of public record, and are not reasonably in dispute.")

23  Second, this Court may consider a document not attached to the Complaint if the Complaint specifically refers to it and its authenticity is not questioned, Fed. R. Evid. 201(f); *Townsend v. Columbia Operations*, 667 F.2d 844, 848-49 (9th Cir. 1982), as is the case with the deed. Complaint, ¶ 18 ("Defendant's ownership interest in the [] Property is based on Plaintiff's Grant Deed to Defendant dated December 30, 2020 and recorded on March 2, 2021 as Instrument Number 21-0341042 in the Official Records of the Los Angeles County Recorder."); *see Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.")

16
17
18
19
20
21
22
23
24
25
26
27
28

1 both causes of action in his Complaint, Complaint, ¶¶ 15-25, and the Complaint must be

2 dismissed.

3    **B.    Alternatively, The Alleged Oral Promise To Grant Plaintiff A Life**

4    **Estate Fails As A Matter Of Law.**

5    As discussed, Plaintiff alleges that Defendant orally promised to grant Plaintiff a

6 life estate in the Property. Complaint, ¶¶ 13, 17. However, Section 7 of the Purchase

7 Agreement unambiguously states Plaintiff "agrees to vacate the Property … no later than

8 by [Close of Escrow]," and "[i]n THE EVENT [Plaintiff] does not vacate the Property by

9 [Close of Escrow], [Plaintiff] shall be considered a trespasser". Complaint, Exh. A, at 4

10 (§7). Thus, Defendant's alleged oral promise to grant Plaintiff a life estate fails as a matter

11 of law, and the entire Complaint, predicated on this alleged oral promise, Complaint, ¶¶

12 15-25, must be dismissed, for this alternative reason.

13    **1.    Since the Purchase Agreement's language (§7) is clear and explicit,**

14    **it governs.**

15    "The basic goal of contract interpretation is to give effect to the parties' mutual

16 intent at the time of contracting. ([Cal.] Civ. Code, § 1636.) Where . . . there is a written

17 contract, the parties' intention is determined from the writing alone, if possible. ([Cal.]

18 Civ. Code, § 1639.)" *Robert T. Miner, M.D., Inc. v. Tustin Ave. Investors,* 116 Cal. App.

19 4th 264, 271 (2004). Thus, "if contractual language is clear and explicit, it governs." *State*

20 *of California v. Continental Ins. Co.*, 55 Cal. 4th 186, 195 (2012). In fact, "[c]ourts will

21 not *add* a term to a contract about which the agreement is *silent*." *Moss Dev. Co. v. Geary,*

22 41 Cal. App. 3d 1, 9 (1974) (emphasis added).

23    Here, since the Purchase Agreement's "language [§7] is clear and explicit, it

24 governs," *Continental Ins.*, 55 Cal. 4th at 195, regardless of what Defendant allegedly

25 promised Plaintiff outside the Purchase Agreement (i.e., extrinsic evidence). Indeed, "[a]

26 contract extends only to those things which it appears the parties intended to contract. [A

27 court's] function is to determine what, in terms and substance, is contained in the contract,

28 not to insert what has been omitted. [Courts] do not have the power to create for the

parties a contract that they did not make and cannot insert language that one party now wishes were there," *Vons Companies, Inc. v. United States Fire Ins. Co.,* 78 Cal. App. 4th 52, 58-59 (2000), as Plaintiff does here, by alleging that Defendant orally promised to give Plaintiff a life estate. Moreover, as explained believe, Defendant's alleged oral promise of a life estate, which is extrinsic evidence (i.e., evidence outside the four corners of the written Purchase Agreement), is irrelevant as a matter of law.

### 2. Defendant's allegation oral promise of a life estate is irrelevant, as a matter of law.

As explained by the California Supreme Court, "[e]xtrinsic evidence is 'admissible to interpret the instrument, but *not to give it a meaning to which it is not reasonably susceptible*', [citations] and *it is the instrument itself that must be given effect*." *Parsons v. Bristol Development Co.*, 62 Cal. 2d 861, 865 (1965) (emphasis added). Thus, extrinsic "evidence is admissible *only* to prove a meaning to which the contractual language is 'reasonably susceptible'; *not to flatly contradict the express terms of the agreement*." *Consolidated World Investments, Inc. v. Lido Preferred Ltd.*, 9 Cal. App. 4th 373, 379 (1992) (emphasis added and *quoting Winet v. Price*, 4 Cal. App. 4th 1159, 1167 (1992)).

For example, "if the contract calls for the plaintiff to deliver to defendant 100 pencils by July 21, 1992, parol evidence is not admissible to show that, when the parties said 'pencils,' they really meant 'car batteries' or that, when they said 'July 21, 1992,' they really meant May 13, 2001." *Consolidated World Investments,* 9 Cal. App. 4th at 379. Consequently, "extrinsic evidence is not admissible to add to, detract from, or vary the terms of a written contract," *Pacific Gas & E. Co. v. G. W. Thomas Drayage etc Co.*, 69 Cal. 2d 33, 39 (1968), which Plaintiff attempts to do here, by proffering extrinsic evidence of an oral promise to establish Plaintiff has a life estate and is not a trespasser. *Compare*, Complaint, Exh. A, at 4 (§7), *with*, Complaint, ¶¶ 13, 17. Plaintiff's attempt to contradict the plain text of the Purchase Agreement fails, as a matter of law.

More specifically, "[w]hen a dispute arises over the meaning of language in an instrument, the first question to be decided is whether the language is 'reasonably

susceptible' to the interpretation urged by the party." *Richeson v. Helal*, 158 Cal. App. 4th 268, 276 (2007). "If the language is not, *the case is over*." *Id*. (emphasis added). Thus, ambiguity is a threshold question and a question of law:

> The threshold question for trial and appellate courts is whether the writing is ambiguous—that is, reasonably susceptible to more than one interpretation. … Whether a contract is ambiguous at this initial step of analysis presents a question of law subject to independent review on appeal.

*Thompson v. Asimos*, 6 Cal. App. 5th 970, 986 (2016) (citations omitted).

And, "[i]f there is no ambiguity—that is, the language is reasonably susceptible to only one interpretation—[the court's] inquiry into meaning has been completed and the one reasonable interpretation applies to the facts." *Id.* at 987. In summary, extrinsic "evidence cannot be admitted to show intention independent of an *unambiguous* written instrument." *Hayter Trucking, Inc. v. Shell Western E&P, Inc.*, 18 Cal. App. 4th 1, 15 (1993) (emphasis added). For instance, in *Safwenberg v. Marquez,* the appellate court held that "[t]he extrinsic evidence should not have been admitted by the trial court since the deed was not ambiguous." 50 Cal. App. 3d 301, 306 (1975).

Here, Plaintiff's proffered extrinsic evidence (the alleged oral promise for a life estate, *see*, Complaint, ¶¶ 13, 17) is not admissible and should be disregarded, as a matter of law, because it is offered to add to, detract from, or vary the unambiguous terms of the Purchase Agreement—that is, it flatly contradicts Section 7 of the Purchase Agreement, which unambiguously makes Plaintiff a "trespasser" at closing, not a life estate tenant. Complaint, Exh. A, at 4 (§7). Thus, using Plaintiff's proffered extrinsic evidence to contradict the Purchase Agreement's clear, unambiguous language is legally impermissible. *E.g.*, *Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP*, 201 Cal. App. 4th 368, 380 (2011) ("[t]he service agreements are not ambiguous, which means that extrinsic evidence cannot be considered to explain the terms"); *Estate of Wochos*, 256 Cal. App. 2d 338, 341 (1967) ("extrinsic evidence as to its meaning is

1    inadmissible," because "the provision under discussion is not ambiguous"); *Owens v.*

2    *Geary Drive-In Corp.*, 212 Cal. App. 2d 936, 938 (1963) ("evidence is admissible only

3    where the language used is doubtful, uncertain or ambiguous and only then in cases where

4    the doubt appears upon the face of the contract").

5         More particularly, the Purchase Agreement clearly and unambiguously states

6    Plaintiff "agrees to vacate the Property and leave the Property," and "[i]n THE EVENT

7    [Plaintiff] does not vacate the Property by [Close of Escrow], [Plaintiff] shall be

8    considered a trespasser". Complaint, Exh. A, at 4 (§7). Plaintiff tries to flatly contradict

9    this term, by asserting Plaintiff is not a trespasser but, instead, is a life estate tenant based

10   on Defendant's alleged oral promise. Complaint, ¶¶ 13, 17. But, just as extrinsic

11   "evidence is not admissible to show that, when the parties said 'pencils,' they really meant

12   'car batteries,'" *Consolidated World Investments*, 9 Cal. App. 4th at 379, extrinsic

13   evidence is not admissible to show that, when Plaintiff and Defendant said Plaintiff will

14   be a "trespasser" at closing, Complaint, Exh. A, at 4 (§7), Plaintiff and Defendant really

15   meant Plaintiff will be a "life estate" tenant at closing, as alleged here. Complaint, ¶¶ 13,

16   17. Thus, the Complaint should be dismissed with prejudice. *See, Ellison v. City of San*

17   *Buenaventura*, 48 Cal. App. 3d 952, 962 (1975) ("The court had no power to rewrite the

18   contract.")

19        *Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC*, 185 Cal. App. 4th 1050

20   (2010) is directly on point. There, article 3 of a lease agreement stated: "If, for any reason

21   (other than delays caused by Tenant) the Lease Term has not commenced by June 30,

22   2008, Tenant and Landlord shall each have the right to terminate this Lease by giving

23   written notice to the other …." *Id*. at 1060. The trial court concluded that "Article 3 meant

24   what it said," and therefore Landlord (Mariners) was entitled to terminate the lease

25   pursuant to article 3's terms. *Id*. On appeal, Tenant (Rite Aid) "argue[d] that the drafts of

26   the lease exchanged between the parties require a different interpretation, specifically,

27   'that the parties intended that only Rite Aid be given a right to terminate if Mariners failed

28   to complete construction by June 30, 2008.'" *Id*. at 1061. The appellate court rejected that

argument, stating "[s]uch an interpretation . . . would be legally untenable," *id*., because

> The express language of article 3 ("Tenant and Landlord shall each have the right to terminate …") is not "reasonably susceptible" to an interpretation which limits the termination right to one party. Parol evidence cannot be used "to flatly contradict the express terms of the agreement."

*Thrifty Payless*, 185 Cal. App. 4th at 1061.

Likewise, here, Section 7 of the Purchase Agreement meant what it said, and its express language is not reasonably susceptible to an interpretation which flatly contradicts Plaintiff's status as a "trespasser" at closing. *Compare*, Complaint, Exh. A, at 4 (§7), *with*, Complaint, ¶¶ 13, 17.

*Tahoe National Bank v. Phillips*, 4 Cal. 3d 11 (1971) is also directly on point. There, the trial court admitted extrinsic evidence to show an instrument entitled "Assignment of Rents and Agreement Not to Sell or Encumber Real Property" was intended as a mortgage and ordered foreclosure on the defendant's home. In reversing judgment, the California Supreme Court found the language of the document "cannot reasonably be construed as a mortgage and thus that extrinsic evidence, offered by plaintiff to prove the document a mortgage, is legally irrelevant and cannot support the judgment." *Id*. at 16-17, fn. omitted.

Similarly, the appellate court, in *Curry v. Moody*, refused to permit extrinsic evidence, reasoning:

> [T]he provision principal and interest shall be "payable at the time of sale of the house" cannot reasonably be construed to mean principal and interest shall be "payable from the inception of the contract." Nor can a provision which says if interest is not paid at the time the house is sold it shall be compounded "thereafter" mean that if interest is not paid at the time the house is sold it shall be compounded "theretofore."

1    40 Cal. App. 4th 1547, 1555 (1995).

2        Likewise, here, the provision making Plaintiff a "trespasser" at closing, Complaint,

3    Exh. A, at 4 (§7), cannot reasonably be construed to mean Plaintiff is a life estate tenant.

4    Complaint, ¶¶ 13, 17.  And, since "there is no ambiguity," the "inquiry into meaning has

5    been completed and the one reasonable interpretation applies to the facts," *Asimos*, 6 Cal.

6    App. 5th at 986, which is that Plaintiff is a "trespasser" at closing. Complaint, Exh. A, at 4

7    (§7). Moreover, even if Plaintiff was to assert some strained or absurd interpretation to

8    create an ambiguity, that would be of no consequence, as "[c]ourts will not adopt a

9    strained or absurd interpretation in order to create an ambiguity where none exists."

10   *Reserve Insurance Co. v. Pisciotta,* 30 Cal. 3d 800, 807 (1982).

11       Thus, the Complaint should be dismissed with prejudice. *See e.g., George v. Auto.*

12   *Club of S. Cal.*, 201 Cal. App. 4th 1112, 1128 (2011) ("In a case such as this one, where

13   the insurance contract is not reasonably susceptible to the meaning alleged in the

14   complaint, it is proper to sustain a demurrer without leave to amend.")

15              **3.     The attached Purchase Agreement governs.**

16       As discussed *supra*, ¶III.C, Federal Rule Civil Procedure 10(c) states that an exhibit

17   attached to the pleading (such as the Purchase Agreement) "is part of the pleading for all

18   purposes." *Durning*, 815 F.2d at 1267. Importantly, when the attached exhibit contradicts

19   the complaint's allegations, as is the case here, *compare*, Complaint, Exh. A, at 4 (§7),

20   *with*, Complaint, ¶¶ 13, 17, the attached exhibit's contents govern. *See Wilson v. Fitter*,

21   No. CV 09-1162-DDP (RNB), 2009 U.S. Dist. LEXIS 129891, at *5 (C.D. Cal. Nov. 4,

22   2009) ("if an exhibit attached to a complaint contradicts an assertion in the complaint and

23   reveals information that prohibits recovery as a matter of law, the information provided in

24   the exhibit trumps the allegation in the complaint"); *KKE Architects, Inc. v. Diamond*

25   *Ridge Dev. LLC*, No. CV 07-06866 MMM (FMOx), 2008 U.S. Dist. LEXIS 17127, at *8-

26   9 (C.D. Cal. Mar. 3, 2008) ("[W]here a plaintiff attaches documents and relies upon the

27   documents to form the basis for a claim or part of a claim, dismissal is appropriate if the

28   document negates the claim."); *Crenshaw v. Lister*, 556 F.3d 1283, 1291 (11th Cir. 2009)

1  (holding that "'when the exhibits contradict the general and conclusory allegations of the
2  pleading, the exhibits govern,'" *quoting Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189,
3  1206 (11th Cir. 2007)); *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d
4  370, 377 (5th Cir. 2004) (holding that the contents of exhibit attached to pleading trumps
5  inconsistent allegations in that pleading).

6        Here, Plaintiff attached the Purchase Agreement to the Complaint, and the Purchase
7  Agreement's language directly contradicts the language pleaded in the Complaint,
8  regarding Plaintiff's status at closing. *Compare*, Complaint, Exh. A, at 4 (§7, stating that
9  Plaintiff will be a trespasser at closing), *with*, Complaint, ¶¶ 13, 17 (stating that Plaintiff
10 will be a life estate tenant at closing). As such, the Purchase Agreement governs, and
11 Plaintiff's case fails, as a matter of law, based on this contradiction. Indeed, the entire
12 basis of Plaintiff's quiet title and specific performance action is the claim that Plaintiff
13 presently owns a life estate in the Property based on these oral statements. Complaint, ¶¶
14 15-25. However, this is false. The Purchase Agreement attached to the Complaint
15 expressly states that Plaintiff agreed to vacate the premises upon closing; otherwise,
16 Plaintiff would be trespassing on the Property. Complaint, Exh. A, at 4 (§7).

17       Thus, the Complaint must be dismissed, with prejudice. *E.g., Riggins v. Walter*, 279
18 F.3d 422, 425-26 (7th Cir. 1995) (affirming dismissal of prisoner's  42 U.S.C. § 1983
19 claims where information in attached exhibit contradicted allegation of complaint);
20 *Hudson v. Phillipson*, No. 2:07-cv-138, 2008 U.S. Dist. LEXIS 9093, at *7-8 (W.D. Mich.
21 Feb. 7, 2008) (dismissing prisoner's 42 U.S.C. §  1983 claims where information in
22 attached exhibits conflicted with allegations of complaint); *see also Interstate Nat. Gas
23 Co. v. Southern California Gas Co.*, 209 F.2d 380, 384 (9th Cir. 1954) (a motion to
24 dismiss pursuant to Federal Rule Civil Procedure 12(b) "does not admit facts which the
25 court will judicially notice as not being true nor facts which are revealed to be unfounded
26 by documents included in the pleadings").

27       **C.     The First Cause Of Action Does Not State A Cause Of Action For Fraud.**
28       Plaintiff contends that Defendant obtained his existing ownership interest in the

Property because of fraud, asserting:

> Plaintiff is seeking a determination by the Court that he is the 100% legal owner of the [] Property as of March 2, 2021, as Defendant obtained his existing ownership interest in the Subject Property as a result of Fraud. … Plaintiff reasonably relied on Defendant's statements that he "wanted to keep Grandma's house in the family" and that he "would never hurt his uncle". Unfortunately, Plaintiff relied to his detriment on Defendant's statements …

Complaint, ¶ 17, Prayer, ¶ A.

"The elements which must be pleaded to plead a fraud claim are '(a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.' [Citation.]" *Agricultural Ins. Co. v. Superior Court*, 70 Cal. App. 4th 385, 402 (1999). As discussed, Federal Rule Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of [Federal] Rule [Civil Procedure] 9(b)." *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093 (C.D. Cal. 1999). Fraud allegations must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (*citing Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).

Here, as explained below, the First Cause of Action should be dismissed, because: (1) the allegation of fraud is insufficiently pled; (2) Defendant's alleged misrepresentation is not actionable, because it is a nebulous, vague statement; and (3) in light of the Purchase Agreement, Plaintiff cannot plead justifiable reliance as a matter of law.

### 1. The allegation of fraud is insufficient.

First, the First Cause of Action should be dismissed, because the allegation of fraud is insufficiently pled. *Compare,* Complaint, ¶ 17, *with, Schreiber Distributing Co. v. Serv—Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("[T]he pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation"); *Miscellaneous Service Workers, etc. v. Philco-Ford Corp., WDL Div.*, 661 F.2d 776, 782 (9th Cir. 1981) (holding that Federal Rule Civil Procedure 9(b) requires a pleader to set forth the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation"). Specifically, Plaintiff generally alleges that he reasonably relied on Defendant's statements that he "wanted to keep Grandma's house in the family" and "would never hurt his uncle," Complaint, ¶ 17, but Plaintiff's Complaint does not state the time and place these purported representations took place. Plaintiff's Complaint lacks the requisite specificity and does not meet the heightened pleading standard concerning allegations of fraud and must be dismissed. *See, e.g., Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) ("The complete absence of particularity in Bly-Magee's first amended complaint fails to satisfy Rule 9(b). We therefore affirm the district court's dismissal . . .."); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1021 (5th Cir. 1996) ("Because we find that Plaintiffs have failed to adequately plead scienter under [Federal Rule [Civil Procedure] 9(b), we hold that the district court did not err in dismissing Plaintiffs' claims for failure to plead fraud with particularity.")

### 2. The vague statements cannot form the basis of fraud.

Second, the First Cause of Action should be dismissed, because Defendant's alleged misrepresentation is not actionable; rather, it is a nebulous, vague statement, which cannot form the basis of a fraud claim. Specifically, the Complaint alleges that Defendant vaguely represented that he "wanted to keep Grandma's house in the family" and "would never hurt his uncle." Complaint, ¶ 17. The Complaint does not allege Defendant specifically stated he will allow Defendant to stay in the Property for life. *Id.*

Thus, the vague allegation is insufficient to support a claim for fraud. *E.g., Finch v. McKee*, 18 Cal.App.2d 90, 93 (1936) (statements that item was "first-class" and "equal to the best building" are too general in character and nonspecific to be actionable); *Vega v. Jones, Day, Reavis & Pogue*, 121 Cal. App. 4th 282, 291 (2004) ("a mere statement that the $10 million financing then being negotiated was 'standard' and 'nothing unusual' is not itself an actionable misrepresentation it is more like a 'casual expression of belief'"); *Abt v. Mktg. Store Worldwide, LLC*, No. B276365, 2018 Cal. App. Unpub. LEXIS 3270, at *15 (May 14, 2018) ("The statement that McDonalds 'was fully committed to the MCD Channel' is too vague to satisfy the requirement of particularity for fraud.")

### 3. Plaintiff cannot plead justifiable reliance as a matter of law.

Third, the First Cause of Action should be dismissed, because in light of the Purchase Agreement, Plaintiff cannot plead facts showing justifiable reliance as a matter of law. More specifically, "the plaintiff must set 'forth facts to show that his or her actual reliance on the representations was justifiable, so that the cause of the damage was the defendant's wrong ….'" *Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1066 (2012) (citation omitted). "There must be more pled than a simple statement plaintiff justifiably relied on the statements." *Id.* (*citing Lingsch v. Savage*, 213 Cal. App. 2d 729, 739 (1963)). "The complaint must contain 'allegations of facts showing that the actual inducement of plaintiffs . . . was justifiable or reasonable.'" *Ibid.*

Here, Plaintiff cannot plead facts showing justifiable reliance as a matter of law, because Plaintiff signed the Purchase Agreement, which states Plaintiff "agrees to vacate the Property and leave the Property," and "[i]n THE EVENT [Plaintiff] does not vacate the Property by [Close of Escrow], [Plaintiff] shall be considered a trespasser". Complaint, Exh. A, at 4 (§7). Thus, Plaintiff's reliance on Defendant's nebulous statements—i.e., that he "wanted to keep Grandma's house in the family" and "would never hurt his uncle," Complaint, ¶ 17—as meaning that Plaintiff had a life estate in the Property, is unjustified as a matter of law, because "a plaintiff's reliance is not reasonable when he ""put[s] faith in representations which are preposterous, or which are shown by

facts within his observation to be so patently and obviously false that he must have closed his eyes to avoid discovery of the truth. …'"'" *Beckwith*, 205 Cal. App. 4th at 1067.

Indeed, "'[i]f the conduct of the plaintiff in the light of his own intelligence and information was manifestly unreasonable, however, he will be denied recovery.'" *Alliance v. Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1239-1240 (1995); 5 Witkin, Summary of Cal. Law, Torts, § 815, at 1177 (10th ed. 2005) ("If . . . the falsity of the statements should be apparent even to the plaintiff's limited intelligence, or is obvious to the senses, e.g., where a cursory glance at property shown to the plaintiff would disclose the truth, reliance is not justified.")

*Guido v. Koopman,* 1 Cal. App. 4th 837 (1991) is on point. There, the Court held that, as a matter of law, it was neither reasonable nor justifiable for the plaintiff to rely on the defendant's statements that a pre-injury release was "meaningless". *Id.* at 843-84; *Seeger v. Odell*, 18 Cal. 2d 409, 415 (1941) ("[i]f the conduct of the plaintiff in the light of his own intelligence and information was manifestly unreasonable, ... he will be denied a recovery"). Likewise, here, it was neither reasonable nor justifiable for Plaintiff to rely on the Defendant's nebulous statements that he "wanted to keep Grandma's house in the family" and "would never hurt his uncle," as meaning that Plaintiff had a life estate in the Property, Complaint, ¶ 17, when Plaintiff signed the Purchase Agreement, which states Plaintiff "agrees to vacate the Property and leave the Property," and "[i]n THE EVENT [Plaintiff] does not vacate the Property by [Close of Escrow], [Plaintiff] shall be considered a trespasser". Complaint, Exh. A, at 4 (§7).

Thus, Plaintiff cannot plead facts showing justifiable reliance as a matter of law.

### D.   The Second Cause Of Action Fails, Because Specific Performance Is Not A Cause Of Action.

Plaintiff's Second Cause of Action for Specific Performance, Complaint, ¶¶ 21-25, is improper, because specific performance is not a cause of action. Rather, it is a remedy for breach of contract. *Griffin v. Green Tree Servicing*, *LLC*, 166 F. Supp. 3d 1030, 1055 (C.D. Cal 2015) (collecting cases, and stating "[t]he court agrees that Griffin's specific

performance claim must be dismissed [with prejudice] because under California law, specific performance is a remedy for breach of contract, not an independent claim"); *AMG & Assocs., LLC v. AmeriPride Servs.*, No. 2:16-CV-05146 RGK (AFM), 2016 U.S. Dist. LEXIS 193972, at *7 (C.D. Cal. Aug. 29, 2016) ("[s]pecific performance is not a cause of action; it is a remedy for breach of contract," *citing Golden West Baseball Co. v. City of Anaheim*, 25 Cal. App. 4th 11, 49 (1994)). Plaintiff's Second Cause of Action for Specific Performance is thus entirely inappropriate and should be dismissed without leave to amend. No such cause of action exists; it is only a remedy. *Ibid.*

### E. Leave To Amend Should Be Denied.

The Court may deny leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Ascon Props., Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility").

Here, based on the foregoing, leave to amend Plaintiff's Complaint would be futile. Plaintiff's First Cause of Action for Quiet Title necessarily fails because no writing exists to establish Plaintiff's claim that he possesses a life estate in the Property. Moreover, the Purchase Agreement between Plaintiff and Defendant make clear that Plaintiff needed to vacate the Property upon closing of escrow. As such, Plaintiff's quiet title claim would fail; no amendment to the Complaint would change the fact that Plaintiff is a trespasser on the Property pursuant to the parties' Purchase Agreement. For the same reason, an amendment to the Second Cause of Action for Specific Performance of the purported life estate would be futile. And, a cause of action for specific performance does not exist; it is merely a remedy. Therefore, this Court should not grant leave to amend.

### V. CONCLUSION.

The Court must swiftly and summarily dispose of this case by granting this Motion

1    to Dismiss the entire Complaint, without leave to amend, with prejudice.

2    Dated:  October 11, 2021               KASHFIAN & KASHFIAN LLP

3

4

5

6                                               Ryan D. Kashfian, Esq.

                                              Robert A. Kashfian, Esq.

7                                               *Attorneys for Defendant*

                                              RANDALL POWERS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF ROBERT A. KASHFIAN AND EXHIBITS

I, ROBERT A. KASHFIAN, declare as follows:

     (1)    I am an attorney at law duly authorized to practice law before all courts in the State of California, the United States District Court for the Central District of California, the Ninth Circuit Court of Appeals and the United States Supreme Court. I am the Managing Partner of Kashfian & Kashfian, LLP, attorneys of record for Defendant Randall Powers ("Powers"), in the above-captioned. I have personal knowledge of the facts set forth in this declaration and, if called as a witness in this action, I could and would competently testify thereto.

     (2)    Attached hereto as **EXHIBIT 1** is a true and correct copy of the grant deed transferring the Property from Plaintiff Troy A. Powers to Defendant Randall Powers, retrieved by my office from Lexis Nexis' real property tools on October 1, 2021, available at https://advance.lexis.com.

     (3)    On or about October 5, 2021, my office sent a letter to Plaintiff's counsel's office regarding all the issues raised in this Motion to Dismiss. Attached hereto as **EXHIBIT 2** is a true and correct copy of the meet and confer letter dated October 5, 2021 sent by my office. The purpose of this letter was to determine whether an agreement could be reached by the parties that would resolve the issues raised in Defendant's Motion to Dismiss. Despite Defendant's good faith attempt to meet and confer with Plaintiff, Plaintiff never responded to the letter, and, because the deadline for filing this Motion to Dismiss was approaching (October 11, 2021) Fed. R. Civ. P. 81(c)(1)(C), Defendant had no choice but to file this Motion to Dismiss.

     I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on October 11, 2021, at Century City, California.

*/s/ Robert A. Kashfian, Esq.*

_____
Robert A. Kashfian

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

 

**This page is part of your document - DO NOT DISCARD**



# 20210341042



**Pages: 0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**03/02/21 AT 08:00AM**

|  |  |
|---|---|
| FEES: | 25.00 |
| TAXES: | 277.20 |
| OTHER: | 0.00 |
| | |
| PAID: | 302.20 |



**L E A D S H E E T**



202103020110117

00020015338



011892283

**SEQ:**
**01**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**

E442318

E08_210301_8000084

RECORDING REQUESTED BY:
USA National Title
*Mail Taxes to*
AND WHEN RECORDED MAIL TO:

Mr. Randall Powers
587 Bayo Canyon Court
Henderson, NV 89015

*#251*

THIS SPACE FOR RECORDER'S USE ONLY:

| Title Order No.: 092060101-MS | Escrow No.: 311176-EK |
|---|---|
| AP#: 7157-002-012 | **GRANT DEED** |

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $277.20**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Lakewood **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Troy A. Powers, Successor Trustee of the Caroline T. Greer Trust dated April 29, 1998**

hereby GRANT(s) to:

**Randall Powers,** a single man

the real property in the City of Lakewood, County of Los Angeles, State of California, described as:
LOT 12 OF TRACT NO 22009, IN THE CITY OF LAKEWOOD, AS PER MAP RECORDED IN BOOK 599 PAGES
48 AND 49 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
**Also Known as:** 3327 Wolfe Street, Lakewood, CA 90712

Dated December 30, 2020

Troy A. Powers, Successor Trustee of the Caroline T.
Greer Trust dated April 29, 1998

By: _____ *TRUSTEE*
Troy A. Powers, Successor Trustee

*Troy A. Powers*

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF *Riverside*
On *1/4/2021*                    before me, *K. Stowell*                    A Notary Public personally
appeared                    Troy A. Powers                    who proved to me on the
basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.
WITNESS my hand and official seal.

Signature _____   (Seal)

K. STOWELL
COMM. #2292517
NOTARY PUBLIC - CALIFORNIA
RIVERSIDE COUNTY
My Comm. Expires June 11 20__

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE:

# NOTARY CLARITY

Under the provisions of Government Code 27361.7, I certify under the penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary:     K. STOWELL

Commission #:     2292517

Place of Execution:     RIVERSIDE

Date Commission Expires:     JUNE 11, 2023

Date:     03/01/2021

Signature:     *R. Comer*

Print Name:     R. COMER

NOTARY PUBLIC INFORMATION UPDATED ON FEBRUARY 25, 2021
NOTARY PUBLIC NAME:   STOWELL K          INVALID AS OF DATE:   6/11/2023 ✓

COMPANY NAME:

MAILING ADDRESS:          20567 NATHAN DRIVE
                          RIVERSIDE CA 92508

COUNTY:                   RIVERSIDE

COUNTY CODE:              33

COMMISSION NUMBER:        2292517

COMMENCEMENT DATE:        6/12/2019

NOTARY PUBLIC STATUS:     ACTIVE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# EXHIBIT 2

28



**KASHFIAN & KASHFIAN**
─────────────── **LLP**
Attorneys and Counselors at Law

1875 CENTURY PARK EAST

SUITE 360

LOS ANGELES

CALIFORNIA 90067

TELEPHONE
+1 310 751 7578

FAX
+1 310 751 7579

ROBERT A. KASHFIAN †

RYAN D. KASHFIAN *

GEORGE E. AKWO

ALAN I. CYRLIN

ERIC W. WANG

NICHOLAS L. RAMIREZ

SHEILA ESMAILI ᵔ

GOHAR O. FAYYAZ *

MATTHEW W. KRUPKE *

ADMITTED IN CALIFORNIA AND
† DISTRICT OF COLUMBIA ᵒ ARIZONA ᵔ NEVADA
* REGISTERED PATENT ATTORNEY,
    UNITED STATES PATENT & TRADEMARK OFFICE.

Tuesday, October 5, 2021

_For Immediate Delivery via U.S. First Class Mail_

Kenneth Gaugh, Esq.
LAW OFFICE OF
KENNETH GAUGH
1963 Carson Street
Torrance, CA 90501

(310) 212-6252 phone
(310) 533-1738 fax

_With Copy to Electronic Mail (E-Mail) Address:_
kengaugh2@yahoo.com

Re:    **MEET AND CONFER ATTEMPT** | MOTION TO DISMISS COMPLAINT

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CASE NO. 2:21-CV-07923**

LASC Case No.:    21NWCV00608 (Removed)
Case Name:    TROY A. POWERS vs. RANDALL POWERS
Filing Date:    9/17/2021
Status:    Pending

Dear Counsel:

As you know, this matter was removed to federal court yesterday. Notice of removal was sent yesterday and also personally served upon you today at your offices. Attached for your convenience is yet again another copy of the notice of removal and related filings.[1]

─────────────────────
[1] The attachments to this email are only being provided electronically herein, as hard copies have already been delivered to your offices.

# K&K   KASHFIAN & KASHFIAN LLP
### Attorneys and Counselors at Law

**LAW OFFICE OF**
**KENNETH GAUGH**
Kenneth Gaugh, Esq.
1963 Carson Street
Torrance, CA 90501

October 5, 2021

TROY A. POWERS vs. RANDALL POWERS
United States District Court Case No. 2:21-CV-07923
LASC Case No.: 21NWCV00608 (Removed)

Page 2 of 6

Please consider this our attempt to meet and confer prior to filing the Motion to Dismiss the Complaint of Troy A. Powers, ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6).

Below is a list of the grounds in which we will file a motion to dismiss.

### 1. *The Entire Complaint Is Barred By The Statute of Frauds.*

California Civil Code, section 1624 provides that "[a]n agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; such an agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent is in writing, subscribed by the party sought to be charged." In particular, the statute of frauds prohibits an oral agreement to create a life estate. See *Ward v. Wrixon*, 168 Cal. App. 2d 642, 655 (1959) (an oral agreement for a life estate was subject to the statute of frauds).

*Lewis v. Brown*, 22 Cal. App. 38 (1913) is on point. In *Lewis*, the court, in holding that a life estate was not reserved by oral agreement, concluded "[t]he deed to [buyer] is absolute upon its face and, therefore, purports to convey to [buyer], without qualification, condition, or limitation of any nature whatsoever, the absolute fee in the property."

Here, similarly, the Purchase Agreement attached to the Complaint is absolute on its face. Nowhere in the Purchase Agreement does Plaintiff purport to reserve a life estate in the Property. In fact, Section 7 of the Purchase Agreement indicates that if Plaintiff did not vacate the Property by the close of escrow, then Plaintiff would be considered a trespasser. Moreover, Plaintiff does not allege any writing between the parties supporting the notion that Plaintiff possesses a life estate in the Property.

### 2. *The Alleged Oral Promise To Grant Plaintiff A Life Estate Fails As A Matter Of Law.*

*First*, the language in the Purchase Agreement is clear and explicit; therefore, it governs. California Civil Code, section 1639 provides that where there is a written contract, the parties' intention is determined from the writing alone, if possible. "If contractual language is clear and explicit, it governs." *State of California v. Continental Ins. Co.*, 55 Cal. 4th 186, 195 (2012).

**KASHFIAN & KASHFIAN LLP**
Attorneys and Counselors at Law

LAW OFFICE OF
**KENNETH GAUGH**
Kenneth Gaugh, Esq.
1963 Carson Street
Torrance, CA 90501

October 5, 2021

TROY A. POWERS vs. RANDALL POWERS
United States District Court Case No. 2:21-CV-07923
LASC Case No.: 21NWCV00608 (Removed)

Page 3 of 6

Indeed, "[c]ourts will not add a term to a contract about which the agreement is silent." *Moss Dev. Co. v. Geary*, 41 Cal. App. 3d 1, 9 (1974).

*Second*, extrinsic evidence is "not [admissible] to give it a meaning to which it is not reasonably susceptible and it is the instrument itself that must be given effect." *Parsons v. Bristol Development Co.*, 62 Cal. 2d 861, 865 (1965). Here, Plaintiff's proffered extrinsic evidence (the alleged oral promise for a life estate, Complaint, ¶¶ 13, 17) is not admissible and should be disregarded, because it is offered to add to, detract from, or vary the terms of the Purchase Agreement—that is, it flatly contradicts the express terms of the Purchase Agreement, which makes Plaintiff a trespasser at the close of escrow, not a life estate tenant, Complaint, Exh. A, at 4 (§7), and using extrinsic evidence to contradict the Purchase Agreement's clear language is legally impermissible.

*Third*, an exhibit attached to the pleading (such as the Purchase Agreement) "is part of the pleading for all purposes." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Importantly, when the attached exhibit contradicts the complaint's allegations, as is the case here, *compare*, Complaint, Exh. A, at 4 (§7), with, Complaint, ¶¶ 13, 17, the attached exhibit's contents govern. See *Wilson v. Fitter*, No. CV 09-1162-DDP (RNB), 2009 U.S. Dist. LEXIS 129891, at *5 (C.D. Cal. Nov. 4, 2009) ("if an exhibit attached to a complaint contradicts an assertion in the complaint and reveals information that prohibits recovery as a matter of law, the information provided in the exhibit trumps the allegation in the complaint").

Here, Plaintiff attached the Purchase Agreement to the Complaint, and the Purchase Agreement's language directly contradicts the language pleaded in the Complaint, regarding Plaintiff's status at closing. The Purchase Agreement attached to the Complaint expressly states that Plaintiff agreed to vacate the premises upon closing; otherwise, Plaintiff would be trespassing on the Property. Complaint, Exh. A, at 4 (§7). As such, the Purchase Agreement governs, and Plaintiff's case fails, as a matter of law, based on this contradiction.

### 3. *Claim 1 Fails to State a Cause of Action for Fraud.*

"The elements which must be pleaded to plead a fraud claim are '(a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.' [Citation.]"

**KASHFIAN & KASHFIAN** LLP
*Attorneys and Counselors at Law*

LAW OFFICE OF
**KENNETH GAUGH**
Kenneth Gaugh, Esq.
1963 Carson Street
Torrance, CA 90501

October 5, 2021

TROY A. POWERS vs. RANDALL POWERS
United States District Court Case No. 2:21-CV-07923
LASC Case No.: 21NWCV00608 (Removed)

Page 4 of 6

*Agricultural Ins. Co. v. Superior Court*, 70 Cal. App. 4th 385, 402 (1999). Federal Rule Civil Procedure 9(b) further requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of [Federal] Rule [Civil Procedure] 9(b)." *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093 (C.D. Cal. 1999). Fraud allegations must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). Here the allegations for fraud fail to state a claim upon which relief may be granted.

*First*, the allegations do not meet the heightened pleading standard for fraud, which requires the time, place, parties, and specific content of the representations. Specifically, Plaintiff generally alleges that he reasonably relied on Defendant's statements that he "wanted to keep Grandma's house in the family" and "would never hurt his uncle," Complaint, ¶ 17, but Plaintiff's Complaint does not state the time and place these purported representations took place. Plaintiff's Complaint lacks the requisite specificity and does not meet the heightened pleading standard concerning allegations of fraud and must be dismissed. *See, e.g., Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) ("The complete absence of particularity in Bly-Magee's first amended complaint fails to satisfy Rule 9(b). We therefore affirm the district court's dismissal . . . .").

*Second*, Defendant's alleged misrepresentation is not actionable; rather, it is a nebulous and vague statement which cannot form the basis of a fraud claim. The Complaint does not allege Defendant specifically stated he will allow Defendant to stay in the Property for life. Complaint, ¶ 17. Thus, the vague allegation is insufficient to support a claim for fraud. *E.g., Finch v. McKee*, 18 Cal.App.2d 90, 93 (1936) (statements that item was "first-class" and "equal to the best building" are too general in character and nonspecific to be actionable).

*Third*, Plaintiff has not pled sufficient facts to show that any reliance was justifiable. Indeed, "the plaintiff must set 'forth facts to show that his or her actual reliance on the representations was justifiable, so that the cause of the damage was the defendant's wrong ....'" *Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1066 (2012). Here, Plaintiff cannot plead facts showing justifiable reliance as a matter of law, because Plaintiff signed the Purchase Agreement, which states

**KASHFIAN & KASHFIAN**
LLP
Attorneys and Counselors at Law

**LAW OFFICE OF**                                                    October 5, 2021
**KENNETH GAUGH**
Kenneth Gaugh, Esq.
1963 Carson Street
Torrance, CA 90501

TROY A. POWERS vs. RANDALL POWERS                                   Page 5 of 6
United States District Court Case No. 2:21-CV-07923
LASC Case No.: 21NWCV00608 (Removed)

Plaintiff "agrees to vacate the Property and leave the Property," and "[i]n THE EVENT
[Plaintiff] does not vacate the Property by [Close of Escrow], [Plaintiff] shall be considered a
trespasser". Complaint, Exh. A, at 4 (§7). Plaintiff's reliance on Defendant's statements that he
"wanted to keep Grandma's house in the family" and "would never hurt his uncle," meaning that
Plaintiff had a life estate, Complaint, ¶ 17, is unjustified as a matter of law, because "a plaintiff's
reliance is not reasonable when he ""put[s] faith in representations which are preposterous, or
which are shown by facts within his observation to be so patently and obviously false that he
must have closed his eyes to avoid discovery of the truth. …""" Beckwith, 205 Cal. App. 4th at
1067.

    **4.** ***Claim 2 Fails Because Specific Performance Is Not A Cause Of Action.***

Plaintiff's Second Cause of Action for Specific Performance, Complaint, ¶¶ 21-25, is improper,
because specific performance is not a cause of action. Rather, it is a remedy for breach of
contract. *Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1055 (C.D. Cal 2015)
(collecting cases, and stating "[t]he court agrees that Griffin's specific performance claim must
be dismissed [with prejudice] because under California law, specific performance is a remedy for
breach of contract, not an independent claim"); *AMG & Assocs., LLC v. AmeriPride Servs.*, No.
2:16-CV-05146 RGK (AFM), 2016 U.S. Dist. LEXIS 193972, at *7 (C.D. Cal. Aug. 29, 2016)
("[s]pecific performance is not a cause of action; it is a remedy for breach of contract," citing
*Golden West Baseball Co. v. City of Anaheim*, 25 Cal. App. 4th 11, 49 (1994)). Plaintiff's
Second Cause of Action for Specific Performance is thus entirely inappropriate and should be
dismissed without leave to amend. No such cause of action exists; it is only a remedy.

Please let me know if you will be seeking to amend your complaint in light of the above-
mentioned deficiencies in the causes of action your client has asserted, no later than the close of
business (5:00 p.m.) on October 7, 2021. Alternatively, I am available to further discuss by
telephone if you are so inclined.

I appreciate your courtesy and cooperation.



**LAW OFFICE OF**                                                    October 5, 2021
**KENNETH GAUGH**
Kenneth Gaugh, Esq.
1963 Carson Street
Torrance, CA 90501

<u>TROY A. POWERS vs. RANDALL POWERS</u>                          Page 6 of 6
United States District Court Case No. 2:21-CV-07923
LASC Case No.: 21NWCV00608 (Removed)


*Very Truly Yours,*

**KASHFIAN & KASHFIAN LLP**


Robert A. Kashfian, Esq.

**1875 CENTURY PARK EAST, SUITE 360, LOS ANGELES, CALIFORNIA 90067**

PHONE  +1 310 751 7578   FAX  +1 310 751 7579

CALIFORNIA   LOS ANGELES   DISTRICT OF COLUMBIA   WASHINGTON

WWW.KASHFIANLAW.COM

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1875 Century Park East, Suite 360, Century City, California 90067. On October 11, 2021, I served the foregoing documents described as **DEFENDANT RANDALL POWERS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT [MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ROBERT A. KASHFIAN AND EXHIBITS IN SUPPORT THEREOF]** attached hereto on all interested parties in this action by the method indicated below and to the following addresses:

| | |
|---|---|
| KENNETH GAUGH, ESQ.<br>(SBN: 140695)<br>1963 Carson Street<br>Torrance, CA 90501<br><br>(310) 212-6252<br>kengaugh2@yahoo.corn | Attorney For Plaintiff<br>TROY A. POWERS |

**[X] BY ELECTRONIC TRANSFER -** By causing all the pages of the above-entitled document(s) to be uploaded to the U.S. District Court or the U.S. Court of Appeals, Ninth Circuit "CM/ECF" System to be sent to the recipients listed herein via electronic transfer at the respective email. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 11, 2021, at Century City, California.

*/s/ Robert A. Kashfian*

Robert A. Kashfian, Esq.